David K. Schneider (CSB 139288)
Spencer K. Schneider (CSB 348998)
SCHNEIDER & BRANCH
225 Broadway, Suite 400
San Diego, California 92101
Telephone: (619) 233-5500
Email: dks@schneiderbranchlaw.com
Email: sks@schneiderbranchlaw.com

Attorneys for Defendant,
INSURANCE DISTRIBUTION CONSULTING, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCIS INSURANCE SOLUTIONS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE DISTRIBUTION CONSULTING, LLC, a Florida Limited Liability Company<br><br>Defendants. | Case No. 2:25-cv-3874<br><br>DEFENDANT INSURANCE DISTRIBUTION CONSULTING, LLC'S ANSWER TO COMPLAINT |

Defendant Insurance Distribution Consulting, LLC ("IDC"), hereby answers the Complaint on filed herein as follows:

Defendant answers the Complaint by denying, generally and specifically, each, every and all of the allegations contained in the Complaint and each and every part thereof, including each and every cause of action purportedly contained therein, and denies that plaintiff has sustained or will sustain any damage in the sum or sums referred to therein, or in any other sum or sums, or at all.

Defendant further answers the Complaint on file herein and each and every purported cause of action contained therein by denying that plaintiff has sustained, or will sustain, any damages in any sum at all by reason of any alleged breach, carelessness, negligence or other

fault, act or omission on the part of this answering defendant, its agents, servants or employees.

Defendant reserves the right to amend its Answer to assert other defenses, if necessary.

1. Upon information and belief, Defendant admits the allegations of Paragraph 1 are true.

2. Deny. IDC's principal place of business is located in Charlotte, North Carolina.

3. Admit.

4. Paragraph 4 asserts a legal opinion. Defendant can neither admit or deny.

5. Paragraph 5 asserts a legal opinion. Defendant can neither admit or deny.

6. Paragraph 6 asserts a legal opinion. Defendant can neither admit or deny.

7. Paragraph 7 asserts a legal opinion. Defendant can neither admit or deny.

8. Deny.

9. Admit.

10. Admit.

11. Defendant admits that the Agreement includes the services to be provided.

12. Paragraph 12 asserts a legal opinion. Defendant can neither admit or deny.

13. Admit.

14. Deny. Defendant IDC provided all necessary services under the contract.

15. Deny.

16. Deny.

17. Defendant admits that the Agreement includes that section.

18. Deny.

19. Deny.

20. Deny. IDC is vested for revenue resulting from services provided.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Defendant admits that Plaintiff sent a letter dated February 26, 2025 to Defendant.

27. Admit.

28. Defendant admits Plaintiff's February 26, 2025 letter stated it was in regards to: "Demant to Perform and Cure Lack of Performance Under June 1, 2014 Distribution Consulting Agreement and Amendment No. 1."

29. Defendant admits Plaintiff's February 26, 2025 letter contained that text as stated in paragraph 29 of the Complaint.

30. Defendant admits Plaintiff's February 26, 2025 letter contained the portion stated in paragraph 30 of the Complaint.

31. Defendant admits Plaintiff's February 26, 2025 letter contained the portion stated in paragraph 31 of the Complaint.

32. Deny. IDC informed Syncis that a response would follow.

33. Objection. Contains numerous statements. Subject to and without waiving said objections Defendant told Plaintiff in essence that there would be a lawsuit if the agreement was wrongfully terminated.

34. Defendant admits that it sent an email on March 11, 2025, stating in essence that there would be a lawsuit if the agreement was wrongfully terminated.

35. Defendant admits that the March 11, 2025 email to Plaintiff contained the portion stated in paragraph 35 of the Complaint.

36. Admit.

37. Admit.

38. Defendant admits that Plaintiff sent a letter to Defendant on March 28, 2025.

39. Defendant admits that the March 28, 2025 letter contained the statements provided in paragraph 39 of the Complaint.

40. Defendant admits that the March 28, 2025 letter contained the statements provided in paragraph 40 of the Complaint.

41. Defendant admits that the March 28, 2025 letter contained the statements provided in paragraph 41 of the Complaint.
42. Deny.
43. Deny.
44. Defendant denies paragraph 44 as a mischaracterization of the April 25, 2025, email and of the Agreement.
45. Defendant admits that that the compensation earned under the Agreement must be paid to Defendant in perpetuity.
46. Defendant admits that compensation earned under the Agreement must be paid to Defendant in perpetuity.
47. Defendant denies that it failed to provide the Services required by the Agreement.
48. Admit. Revenue for services provided by IDC.
49. Admit.
50. Defendant admits that Plaintiff's April 30, 2025 letter made those statements.
51. Deny.
52. Deny.
53. Deny.
54. Deny.
55. Deny.
56. Deny.
57. Deny. IDC was a board member or believed themselves to be a board member when it attended board meetings of predecessor Synergy.
58. Deny. Jones was a board member or believed themselves to be a board member when they attended board meetings of predecessor Synergy.
59. Admit.
60. Deny.
61. Admit. Defendant served as a consultant and recruiting agency for Syncis.

62. Deny.

63. Deny.

64. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore deny.

65. Admit.

66. Defendant admits the compensation Defendant received under the agreement since 2021 was higher than Defendant received under the agreement in 2014-2019.

67. Admit.

68. Deny.

69. Defendant admits that it only negotiates such contracts upon Syncis' requests.

70. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore deny.

71. Admit.

72. Deny.

73. Deny. The Agreement existed before 2014.

74. Defendant admits that documentation was not provided because it was not requested.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

## FIRST CAUSE OF ACTION

80. Paragraph 80 contains no factual allegations and therefore, Defendants can neither admit or deny.

81. Admit.

82. Admit.

83. Deny.
84. Deny.
85. Deny.
86. Deny.
87. Deny.

## SECOND CAUSE OF ACTION

88. Paragraph 88 contains no factual allegations and therefore, Defendants can neither admit or deny.
89. Deny.
90. Paragraph 90 contains no factual allegations and therefore, Defendants can neither admit or deny.
91. Paragraph 91 contains no factual allegations and therefore, Defendants can neither admit or deny.
92. Paragraph 92 contains no factual allegations and therefore, Defendants can neither admit or deny.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Mitigation)

Defendant is informed and believes and thereupon alleges that Plaintiff's alleged damages, if any, are the result, in whole or in part, of Plaintiff's failure to exercise reasonable care to reduce or mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

**(Contributory Negligence, Unclean Hands, Assumption of Risk)**

Defendant is informed and believes and thereupon alleges that Plaintiff is barred in whole or in part by their negligence, unclean hands, fault, assumption of risk or otherwise from any and all legal or equitable relief against Defendants, as requested in the Complaint, or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

Defendant is informed and believes and thereupon allege that the Complaint, and each cause of action thereof, is barred by one or more statutes of limitation, including but not limited to those set forth in California Code of Civil Procedure Sections 337, 337.1, 338, 339, 340 and 343 and/or any other statute of limitation applicable to the present action.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

No act or omission of Defendant was the cause in fact or the proximate cause of damages, if any, sustained by the Complainant.

**SIXTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Any and all injuries, if any, and damages, if any, sustained or suffered by Plaintiff were proximately caused and contributed to by the superseding and/or intervening acts or omissions of persons other than Defendant in that said persons, and each of them, were careless and negligent concerning the matters alleged in the Complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the complaint with the result that the damages, if any, recoverable by Plaintiff herein must be diminished in proportion to the fault attributable to such other persons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and thereupon allege that Plaintiff is estopped from

obtaining the relief sought in their complaint by virtue of their acts and conduct in connection with the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and thereupon alleges that Plaintiff has waived their rights, if any, to obtain the relief sought in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Modification of Contract)

The parties, through their course of conduct and dealing, effectively modified the terms of the Agreement. Plaintiff's acceptance of a different level or type of performance by Defendant over an extended period constitutes a modification of the contractual requirements regarding the services. Plaintiff's continued payment and business relationship in the subsequent years, despite the alleged reduction in certain activities, reflects an implicit agreement to modify the scope of ongoing services.

## TENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Causes)

Defendant is informed and believes and thereon alleges that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other persons, DOES, and/or other entities, and that said acts were an intervening and superseding cause of injuries and damage, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

To the extent Defendant's performance was not rendered as Plaintiff now alleges was required, such non-performance was excused because Plaintiff's own conduct prevented or hindered Defendant's ability to perform.

**TWELVE AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.

Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by their Complaint;

2. For costs of suit; and

3. For such other and further relief as the Court deems just and proper.

Dated:  July 7, 2025                SCHNEIDER & BRANCH

By: _____
David K. Schneider
Attorney for Defendant
INSURANCE DISTRIBUTION CONSULTING, LLC